CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
FEB 25 2014
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| HAROLD J. THORNTON, | ) | CASE NO. 7:14CV00065 |
| | ) | |
| Petitioner, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| CHRISTOPHER ZYCH, WARDEN, | ) | By: Hon. Glen E. Conrad |
| | ) | Chief United States District Judge |
| Respondent. | ) | |

Harold J. Thornton, a federal inmate proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging the calculation of the life sentence he is now serving. More specifically, Thornton asserts that he may proceed under § 2241 to reopen proceedings on his motion to vacate, set aside or correct the sentence under 28 U.S.C. § 2255, in another court. Upon review of the record, the court summarily dismisses the petition for lack of subject matter jurisdiction.

I

Thornton states that he was convicted in 1998 in the United States District Court for the Middle District of Florida of multiple offenses related to drug trafficking, possession of a firearm as a convicted felon, and related offenses.[1] The Court sentenced him to life as an armed career criminal under 18 U.S.C. § 924(e), based on prior violent felony convictions. Thornton appealed, and the court of appeals affirmed. Thornton also pursued a motion to vacate, set aside or correct the sentence under 28 U.S.C. § 2255, which the district court denied in 2004.

---

[1] Because Thornton is incarcerated at the United States Penitentiary in Lee County, Virginia ("USP Lee"), this court has personal jurisdiction over the respondent named in Thornton's § 2241 petition.

In his § 2241 petition, Thornton asserts that under § 2241, the court should reopen his § 2255 proceedings and reduce his sentence, because he is "actually innocent" of being an armed career criminal, in light of Begay v. United States, 553 U.S. 137 (2008) (holding that whether defendant's prior offense is crime of violence for purposes of enhancement under § 924(e) is determined by how law defines that offense and not how defendant might have committed it on a particular occasion). Specifically, Thornton asserts that although he was convicted of battery against a law enforcement officer, his conduct was not actually violent, because he acted in self-defense and did not strike the officer. Therefore, he asserts, his offense should not have been counted as a predicate for enhancement of his sentence under § 924(e). Thornton also raises claims of ineffective assistance of counsel and prosecutorial misconduct during his federal criminal proceedings.

## II

Although Thornton filed this claim under § 2241, he is in fact attacking the legality of, rather than the execution of, his conviction and sentence. The legality of one's conviction and sentence must be challenged under 28 U.S.C. § 2255 unless "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see In re Vial, 115 F.3d 1192, 1194 (4th Cir.1997) (en banc). For the reasons stated, Thornton has made no such showing.

Section 2255 is not rendered inadequate or ineffective merely because a petitioner is procedurally barred from filing a § 2255 motion. Vial, 115 F.3d at 1194.

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3)

> the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328 (4th Cir. 2000). In this case, Thornton is not able to satisfy the second prong of the Jones test because the substantive law has not changed so that his conduct underlying any of his convictions—for drug trafficking, possession of a firearm as a convicted felon, and other charges—is no longer criminal.

Thornton's "actual innocence" claim, asserting that his one or more of his prior convictions should not have been used to enhance his sentence in light of Begay, is unavailing. The United States Court of Appeals for the Fourth Circuit has not extended the reach of the savings clause to include those petitioners challenging only their sentence. Darden v. Stephens, 426 F. App'x 173, * 1-2 (4th Cir. Apr. 29, 2011) (declining to extend § 2255's savings clause to include claim that prior conviction no longer is a crime of violence and not a proper predicate for enhancement to firearm possession sentence as a career offender) (citing United States v. Poole, 531 F.3d 263, 267 n. 7 (4th Cir. 2008) (quotation omitted)); United States v. Pettiford, 612 F.3d 270, 284 (4th Cir. 2010) (holding that "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes."); Hurd v. Warden FCI Estill, No. 0:11-cv-602-RMG, 2011 WL 2020881, *2 (D.S.C. May 24, 2011) ("Begay addresses only sentencing issues and does not involve the invalidation of a conviction or decriminalization of petitioner's activities, so it cannot be the basis under Fourth Circuit precedent for an argument that the § 2255 remedy is inadequate or ineffective."), aff'd. 465 F. App'x 229 (4th Cir. 2012). Thornton does not present facts indicating that he is factually innocent of any of the offenses for which he stands convicted or that he is factually innocent of any of the prior convictions on which the court relied in enhancing his sentence. Therefore, the

3

court concludes that he has not satisfied the Jones criteria to establish that § 2255 is "inadequate or ineffective to test the legality of his detention" so as to allow him to proceed with his claim under § 2241.

Although the court could construe the action as a § 2255 motion and transfer it to the sentencing court for disposition, the court cannot find that the interests of justice justify a transfer. Thornton states that he has already pursued his initial § 2255 motion and fails to demonstrate that any court of appeals has certified that he may pursue a second or successive § 2255 motion on any ground. See 28 U.S.C. § 2255(h). Therefore, as a § 2255 motion, Thornton's petition would merely be dismissed as successive.

For the reasons stated, the court dismisses Thornton's petition without prejudice. The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 24th day of February, 2014.

_____
Chief United States District Judge